UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL INSURANCE
COMPANY, CONTINENTAL
CASUALTY COMPANY,

    Plaintiffs,

v.

Case No. 2:24-CV-556-SPC-KCD

VACUUM DIG ENTERPRISES,
INC.,

    Defendant,
_____/

## REPORT & RECOMMENDATION

Plaintiffs Continental Insurance Company and Continental Casualty Company (collectively "Continental") seek a default judgment against Defendant Vacuum Dig Enterprises, Inc. (Doc. 14.)[1] A clerk's default was entered against Defendant because it did not answer despite having been served. (*See* Doc. 13.) Defendant also failed to respond to the pending motion.

Having reviewed Continental's motion and the complaint, the Court recommends entering default judgment as to Defendant's liability for breach of contract (Count I) and violating Fla. Stat. § 68.065 (Count IV). The Court further recommends awarding Continental $352,303.60 in damages, plus interest in the amounts discussed below.

---

[1] Unless otherwise indicated, all internal quotation marks, history, citations, and alterations have been omitted in this and later citations.

## I. Background

The following facts from the complaint have been admitted by Defendant's default. Continental issued three insurance policies to Defendant in 2022. (Doc. 1 ¶¶ 7-35.) They had premiums of $35,855, $103,348.60, and $167,371.00. (*Id.* ¶¶ 10, 18, 28.) Defendant made partial payments, but as of filing suit, $156,415.46 is still owed. (*Id.* ¶ 32.) According to the complaint, Continental "has repeatedly demanded payment of the $156,415.46 balance . . . and has attempted to collect same without success[.]" (*Id.* ¶ 34.)

Also pertinent here, Defendant sent Continental several "worthless payment instruments." (Doc. 1 ¶ 57.) Continental is seeking damages for "an electronic funds transfer in the amount of $96,022.34" that Defendant's "bank refused to honor . . . due to lack of funds and/or because of a stop payment directive." (*Id.* ¶¶ 54, 55.)

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Golembiewski v. Waters Pointe Apartments, LLC*, No. 8:23-CV-81-KKM-AEP, 2023 WL 4931218, at *2 (M.D. Fla. June 27, 2023). "The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment." *Petition of Daytona Beach Aqua Safari, Inc. v. Castle*, No. 6:22-CV-740-CEM-DCI, 2023 WL 2329090, at *1 (M.D. Fla. Feb. 10, 2023). First, when a defendant "fails to plead or otherwise defend," the

clerk enters default. *Id.* By defaulting, the defendant admits the well-pleaded factual allegations in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Second, after obtaining [a] clerk's default, the plaintiff must move for default judgment." *Daytona Beach Aqua Safari, Inc.*, 2023 WL 2329090, at *1.

"Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Golembiewski*, 2023 WL 4931218, at *2. "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890829, at *2 (M.D. Fla. May 24, 2012).

### III. Discussion

#### A. Subject Matter Jurisdiction

As mentioned, essential to a valid claim is jurisdiction. Continental invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ¶ 5.) Diversity jurisdiction is available when there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

The parties here are diverse. The two companies comprising Continental are incorporated in Pennsylvania and Illinois and have their principal places of business in Illinois. (Doc. 1 ¶¶ 1, 2.) Defendant, by contrast, is incorporated in Florida and operates there as well. (*Id.* ¶ 3.) As for the amount in controversy, Defendant has an outstanding debt that exceeds the jurisdictional minimum. Thus, the Court has subject matter jurisdiction over these proceedings.

### B. Personal Jurisdiction

"The Due Process Clause . . . protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013). Thus, before entering default judgment, the district court must assure itself that service was proper, Florida's long-arm statute reaches the defendant, and maintenance of the suit would not offend due process. *Golembiewski*, 2023 WL 4931218, at *3.

Amenability to jurisdiction is established here since Defendant was conducting business in Florida. *See* Fla. Stat. § 48.193(1)(a)(1). Defendant's incorporation in Florida also means personal jurisdiction does not offend the Constitution. *See, e.g.*, *Perryman v. Hotel Wetumpka AL, LLC*, 677 F. Supp. 3d 1298, 1301 (N.D. Ala. 2023).

4

Finally, service was proper. "While a plaintiff bears the ultimate burden of proving valid service of process, a return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary." *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. Dist. Ct. App. 2011). "Regular on its face" means the return of service attests to all the information required by the service statute. *Id.* at 180. Continental served Defendant through the Secretary of State because its registered agent did not have a valid address, and no other officer could be located. This is allowed under Florida law. *See* Fla. Stat. § 48.081(3), (4).

### C. Liability

With jurisdiction out of the way, the next question is whether "the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought." *Golembiewski*, 2023 WL 4931218, at *2. A sufficient basis is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* Thus, the reviewing court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

To prevail on its breach of contract claim, Continental must show: (1) a valid contract, (2) a material breach, and (3) damages resulting from the

5

breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). These elements are easily satisfied by the admitted facts. The three outstanding insurance policies are written contacts. And Defendant breached the policies by failing to pay the premiums due, resulting in an outstanding balance of $159,256.35.

The other claim at issue arises under Florida's Worthless Payment Statute, Fla. Stat. § 68.065 *et seq*. It provides that if a payment instrument (including an electronic funds transfer) is returned for insufficient funds, the payee may bring a civil action after making a written demand. Fla. Stat. § 68.065(3). If the payee prevails, he is entitled to three times the value of the worthless instrument, attorney's fees, and costs. *Id.*

This claim has been established too. Defendant sent Continental an electronic funds transfer that was denied "due to lack of funds and/or because of a stop payment directive." (Doc. 1 ¶ 55.) Continental then sent Defendant multiple demands for repayment (with the statutorily required language) that went unanswered. (*Id.* ¶¶ 58-60.) Nothing more is needed to prove Defendant's liability. *See, e.g.*, *Alvarez v. Alvarez*, 800 So. 2d 280, 284 (Fla.

6

Dist. Ct. App. 2001); *Kasparov v. Schnorenberg*, No. 3:15-CV-1093-J-32PDB, 2016 WL 8846261, at *7 (M.D. Fla. Aug. 16, 2016).[2]

### D. Damages

Along with liability, there must be a legitimate basis for the damages sought. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Thus, "a plaintiff seeking default judgment must show the Court what [its] damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010). The reviewing court may not enter a damages award without a hearing unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

A hearing is not necessary here because Continental's damages are subject to mathematical calculation. *Smith v. Magic Burgers LLC*, No. 5:23-CV-332-GAP-PRL, 2023 WL 9196714, at *2 (M.D. Fla. Nov. 16, 2023) (awarding compensatory damages without a hearing where the record presented a "straightforward basis for the damages claimed").

---

[2] The complaint also pleads claims for account stated (Count II) and unjust enrichment (Count III). (*See* Doc. 1.) Continental does not seek relief on those claims here, and thus they are deemed abandoned. *See, e.g.*, *Rismay v. Alterations by Lucy & Crisp & Clean Dry Cleaning & More, LLC*, No. 6:20-cv-1357-GAP-EJK, 2022 WL 396320, at *1 n.1 (M.D. Fla. Jan. 21, 2022).

According to Continental's unrebutted evidence, Defendant owes $145,855.60 in outstanding premiums on three insurance policies. (Doc. 14-1 at 2-4.) Defendant is also liable for prejudgment interest at 4.75%, which amounts to $18.98 daily. (Doc. 14 at 17, Doc. 14-1 at 2-4.)[3]

Similarly, Continental's damages under Fla. Stat. § 68.065(3) are liquidated. Defendant owes "triple the amount of the [dishonored payment]" and service fee, totaling $302,470.38. *Alvarez*, 800 So. 2d at 284.[4] One quick caveat. Continental "recognizes that the face value of the worthless payment instrument, $96,022.34, is also included in its damages for" breach of contract. (Doc. 14 at 15.) Obviously, this amount cannot be recovered twice. Continental has thus agreed to reduce its damages under Fla. Stat. § 68.065 to $206,448.04 ($302,470.38 - $96,022.34), which is appropriate to avoid the double recovery.

Finally, Continental's request for post-judgment interest is unnecessary. *See, e.g.*, *Landi v. Home Depot USA, Inc.*, No. 2:17-CV-701-FTM-38-MRM, 2020 WL 10465289, at *1 (M.D. Fla. July 22, 2020) ("[S]ince post-judgment interest automatically accrues under 28 U.S.C. § 1961, the

---

[3] Continental seeks prejudgment interest from November 2, 2022.

[4] Though Florida law allows treble damages "in addition to the amount owing upon [the dishonored] payment instrument," Fla. Stat. § 68.065(3)(a), and courts have clarified the statutory damages are in addition to, rather than including, the face amount of the check, *see, e.g.*, *NASR Int'l Trading Co. v. Rahul Int'l Inc.*, 675 So. 2d 704, 704 (Fla. Dist. Ct. App. 1996), Continental asks for treble damages only.

Court and the judgment need not mention it."); *Port-A-Weld, Inc. v. Padula & Wadsworth Const., Inc.*, 984 So. 2d 564, 570 (Fla. Dist. Ct. App. 2008) ("[J]udgments automatically bear post-judgment interest by operation of law, whether they say so or not.").

### E. **Attorneys' Fees and Costs**

Continental also demands "attorneys' fees and court costs[.]" (Doc. 14 at 18.) Although this relief is authorized under Fla. Stat. § 68.065(3), Continental offers no information to ascertain its fees or costs. Thus, this relief should be denied without prejudice, with leave to submit a motion in compliance with Local Rule 7.01.

For these reasons, it is **RECOMMENDED**:

1. Continental's Motion for Default Judgment be **GRANTED** as to Count I (breach of contract) and Count IV (violating Fla. Stat. § 68.065);

2. The Court deem Continental's claims in Count III and IV abandoned;

3. The Court award Continental $145,855.60 in principle on the breach of contract claim, plus prejudgment interest at $18.98 per day from November 22, 2022, through the date of judgment;

4. The Court award Continental $206,448.04 under Fla. Stat. § 68.065(3); and

5. Continental's request for attorney's fees and costs be denied without prejudice, and Continental be directed to file a motion with sufficient supporting documentation in accordance with Local Rule 7.01.

**ENTERED** in Fort Myers, Florida on November 13, 2024.

Kyle C. Dudek
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.